IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| VICKY RODRÍGUEZ TORRES, ET AL.<br><br>Plaintiffs<br><br>v.<br><br>GOVERNMENT DEVELOPMENT BANK OF P.R. (GDB), GUILLERMO CAMBA, CARLOS GARCÍA, EDGARDO RODRÍGUEZ-NIEVEZ, ENID LOPEZ, MARIELA REXACH<br><br>Defendants | CIVIL No.10-2228 (DRD)<br><br>18 U.S.C. § 1030<br>18 U.S.C. § 2510<br>18 U.S.C. § 2701<br>18 U.S.C. § 623<br>42 U.S.C. § 1981<br>42 U.S.C. § 1983<br>42 U.S.C. § 1985<br>42 U.S.C. § 1988<br>42 U.S.C. § 2000e-3<br>RETALIATION, TORTS, SEPARATION PAY<br>TRIAL BY JURY |

**URGENT MOTION TO STAY PROCEEDINGS
AND TO SCHEDULE RULE 11 HEARING**

TO THE HONORABLE COURT:

COMES NOW, Mariela Rexach, *pro se*, through a special appearance without submitting herself to this Court's jurisdiction, and respectfully states, alleges and prays as follows:

1. I have been counsel of record for the Government Development Bank of Puerto Rico ("GDB" or "the Bank") and several of its officers in the various proceedings filed by attorneys William Meléndez and Miguel Cuadros on behalf of their clients Vicky Rodríguez ("Rodríguez") and Luis Maldonado Vaillant ("Maldonado"). Namely, Rodríguez, et al v. GDB, et al., Civil No. 09-1151 (JP) (hereinafter "Rodríguez I") and Rodríguez et al v. GDB, et al., 09-2199 (FAB) (hereinafter "Rodríguez II") filed in this Court, as well as in the post-termination administrative proceedings filed by Rodríguez pursuant to the Bank's internal regulations and presided by an Official Examiner (hereinafter "Rodríguez III"). Rodríguez also filed an adversary complaint before the United States

Bankruptcy Court for the District of Puerto Rico against the Bank, several of its officers and the undersigned which was docketed as Rodríguez v. López-López, et al., 10-00137 (BKT-7) ("Rodríguez IV"). I was also personally involved in the handling of this last matter and was granted leave to appear by the Bankruptcy Court notwithstanding the fact that I was a named defendant.

2. The GDB and the other defendants sued in these cases, including myself, have decidedly prevailed *in every single one of these proceedings* and, in every single one of them the presiding Judge or officer has noted Plaintiffs' vexatious litigation conduct and their counsel's questionable ethics in prosecuting the actions.

3. More specifically, in Rodríguez I, Judge Pieras twice imposed sanctions upon Plaintiffs. The first time for their irresponsible conduct and failure to make discovery disclosures, and, subsequently, upon the summary dismissal of the Complaint, under the "American Rule" and 28 U.S.C. § 1927, for Plaintiffs' and their counsels' vexatious litigation conduct. The total amount of the sanctions imposed by the Court was $41,416.25, payable to the Bank as reasonable attorneys fees incurred in defending against Plaintiffs' vexatiousness.[1] See Rodríguez I, Dkt. No. 278.

4. In Rodríguez II, Plaintiffs presented claims in connection to her termination from employment with the GDB, requesting reinstatement, back pay and front pay.[2] During the early

---

[1] These sanctions have since been vacated without prejudice, pending the results of the appeal filed by Plaintiffs in connection to the merits of the Court's summary dismissal of their claims. See Rodríguez I, Dkt, No. 304.

[2] Plaintiffs' representations to this Court in their Motion to Show Cause to the effect that the Rodríguez II complaint somehow stopped short of including a claim in connection to her termination from employment is nothing but a contrived after-the-fact rationalization for their blatant attempt to re-litigate a claim already dismissed by this Court. The fact that the Rodríguez II complaint was vague in virtually every respect, is not something which works to Plaintiffs' advantage with it comes to res judicata. The fact remains that the Complaint expressly avers that the named defendants incurred in a pattern of retaliation which "concluded in [Rodríguez'] termination of employment" and its prayer for relief included request for reinstatement, back pay and front pay. See Rodríguez II, Dkt. No. 1 at ¶ ¶¶ 1, 71, 73 & 76. Moreover, shortly after filing the Complaint, Plaintiffs filed a motion for injunctive relief *pendente lite* requesting Rodríguez' reinstatement "to the position held before her dismissal." See id. at and Dkt. No. 14. Furthermore, in Plaintiffs' Rule 37 Motion Seeking Relief for Failure to Disclose, filed on May 19, 2010, Plaintiffs expressly recognize that Rodríguez' termination and the GDB's articulated reasons for the same are "central" to the case's resolution. See Dkt. No. 54 at ¶ 12. In light of the foregoing, it is disingenuous, to say the

stages of the litigation Judge Besosa noted Plaintiffs' attorneys' disruptive conduct, striking from the record attorney Meléndez' disparaging remarks toward to the undersigned.  See, e.g, Rodríguez II, Dkt. No. 45.  Subsequently, when the issue of Rodríguez' failure to disclose Rodríguez II in her Chapter 7 bankruptcy schedules was first brought to the Court's attention, the Court expressed concern over the ethical ramifications of attorney Meléndez' and Cuadros' conduct before the District and Bankruptcy Court.  See Rodríguez II Dkt. No. 38.  This lawsuit was ultimately dismissed on grounds of judicial estoppel upon a finding that Rodríguez was attempting to "play fast and lose with the Court" by failing to disclose to the Bankruptcy Court in her mandatory bankruptcy schedules the existence of Rodríguez II as a contingent asset.

5. What I reference as Rodríguez III, is the administrative post-termination proceedings initiated by Rodríguez pursuant to the Bank's internal regulations.  While Plaintiffs represent to the Court in their Amended Complaint that the proceedings became "increasingly protracted" they fail to mention that the delay was caused by Rodríguez' repeated refusals to cooperate with the discovery schedule. Plaintiffs complain of a "pro forma" hearing,[3] after which, through resolution dated December 1, 2010, the Official Examiner determined to affirm the termination decision, but conveniently neglect to mention that neither Rodríguez nor her attorneys made an appearance at the hearing notwithstanding notice of the same.  Notably, while Plaintiffs recognize an adverse

---

least, for Plaintiffs' attorneys to come before this Court and suggest they somehow compartmentalized "the relevant time period" of the Rodríguez II until the date of termination but somehow did not include a termination claim in the Complaint.  They attempt to buttress this contention by suggesting that Rodríguez could not do so because she had not yet exhausted administrative remedies with the EEOC in connection to the termination decision.  This is but another convenient half-truth which evidences lack of candor towards the Court.   What Plaintiffs' counsel neglected to mention was the fact  that, in their Case Management Memorandum the defendants in Rodríguez II expressly waived the failure to exhaust defense in order to avoid additional and unnecessary litigation costs.  See Rodríguez II, Dkt. No. 32 at 4-5.  Hence there was no procedural impediment for Plaintiffs to move forward with their termination claim, as they in fact did, notwithstanding the fact that she had not exhausted administrative remedies as to the same.

[3]The hearing was held on September 22, 2010.

determination, they pay absolutely no importance to the fact that Rodríguez did not appeal from this decision and that it has since become a firm and final adjudication of the merits of the Bank's termination of her employment. See United States v. Utah Construction & Mining Co., 384 U.S. 394, 86 S.Ct. 1545, 16 L.Ed.2d 642 (1966) (holding that so long as opposing parties had an adequate opportunity to litigate disputed issues of fact, res judicata is properly applied to decisions of an administrative agency acting in a "judicial capacity"). We attach copy of the Official Examiner's Resolution on this matter, of which the Court can take judicial notice, as Exhibit 1.[4]

6.      Finally, Rodríguez IV was an adversary proceeding filed by Rodríguez before the Puerto Rico Bankruptcy Court where, under the guise of claims under the Computer Fraud and Abuse Act, 18 U.S.C. § 1030, the Wiretap Act, 18 U.S.C. § 2510, the Stored Communications Act, 18 U.S.C. § 2701, and Article 1802 of the Puerto Rico Civil Code, among others, she sought to re-litigate Judge Pieras' denial in Rodríguez I of Plaintiffs' request for a finding of spoliation of electronic evidence. This adversary proceeding was dismissed by Judge Tester on January 28, 2011. Upon granting defendants' Motion to Dismiss on grounds of *res judicata* and for lack of standing, the Bankruptcy Court ordered Rodríguez and her attorneys to pay the reasonable costs and fees incurred by defendants as a sanction in order to deter them from continuing to prosecute such a fruitless claim. The amount of these sanctions was later determined to be $34,658.22. Not only have these sanctions not yet been paid to defendants, they evidently have had no deterrent effect upon Rodríguez or her attorneys insofar as they included *the very same claims dismissed by the Bankruptcy Court and for which they were imposed sanctions* in the Amended Complaint recently filed in *this* case. See Dkt. No. 6 at ¶¶ 46-83, 122-145.

---

[4] The undersigned requests leave to file this document in Spanish, also in order to avoid incurring in additional costs.

7. The present lawsuit is but another example of Rodríguez' and her attorneys' continuing attempts to "play fast an loose" with this Court. All of the claims presented in this latest lawsuit have already been adjudicated against Plaintiffs. We respectfully submit to this Court the principles of res judicata apply to this action in all its forms: directly and preclusively under doctrines of collateral estoppel and claim splitting. Yet this appears to have no effect on Plaintiffs and their counsel, who continue with their vexatious litigation conduct and utter disrespect for this Court's orders and judgments.

8. The undersigned submits to this Court that Plaintiffs' statements in their Motion to Show Cause filed on December 28, 2010, blatantly misrepresent the nature and scope of proceedings held in Rodríguez I, II, III and IV and evidence, at best, a complete lack of understanding regarding the concept of res judicata. See Dkt. No. 5.

9. Parties and their attorneys should not be allowed to proceed with such impunity to the clear prejudice of defendants who have *repeatedly* prevailed, yet continue to be harassed and forced to incur unnecessary litigation costs. This is precisely the kind of conduct proscribed by Rule 11 of the Federal Rules of Civil Procedure which provides that

> By presenting to the Court a pleading . . .and attorney . . . certifies that to the best of the person's knowledge, information and belief, formed after an inquiry reasonable under the circumstances:
>
> (1) is not being presented for any improper purpose, such as to harass, cause unnecessary delay or needlessly increase the cost of litigation;
>
> (2) the claims . . . and other legal contentions are warranted by existing law or a by a non-frivolous argument for extending modifying or reversing existing law or for establishing new law;

> (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery . . . .
>
> . . . .

Fed. R. Civ. P. 11(b).

10.     This proscription is closely related to an attorney's ethical obligations under Rules 1.1, 3.1, 3.3 and 4.1 the Model Rules of Professional Conduct, regarding their duty of competence, candor and meritorious claims and contentions.

11.     The undersigned submits to this Court that the present lawsuit violates every one of the above cited provisions of Rule 11 and the Model Rules of Professional Conduct. To make matters worse, attorneys Meléndez and Cuadros continue to lie to this Court, as is evidenced by the representation made in their Motion to Show Cause.

12.     The monetary sanctions imposed thus far against Plaintiffs and their attorneys have evidently failed to serve any deterrent purpose and the Court's repeated admonishments regarding their vexatious litigation conduct have fallen on deaf ears. What are affected parties to do in this situation? It is because of this that the undersigned has taken the initiative, as an officer of this Court, to make this special appearance to request a stay of proceedings so that the Court can hold a Rule 11 hearing in connection to the filing of the present lawsuit as an improper and vexatious attempt to re-litigate claims already adjudicated against Plaintiffs. Because of my personal involvement in all matters related to <u>Rodríguez I, II, III and IV</u>, I am in a position to direct this Court to information contained in its own docket, of which it can take judicial knowledge, and which

clearly establishes the gross abuse of process effectuated by Rodríguez and facilitated by attorneys Meléndez and Cuadros.

13.     Until such time as this hearing can be held, I respectfully request that this Court stay all proceedings so that the named defendants are not forced to, once again, incur in the costs and fees associated with defending against a federal lawsuit.

WHEREFORE, it is respectfully and urgently requested that the Court stay all proceedings in the instant case and schedule a hearing to determine whether the filing of the present lawsuit was in violation of Rule 11 and to impose the necessary sanctions to deter Plaintiffs and their counsel from further abuse of process, vexatiousness and harassment against the named defendants.

RESPECTFULLY SUBMITTED

In San Juan, Puerto Rico, this 4th day of April, 2011.

WE HEREBY CERTIFY that on [Date of filing], we electronically filed the foregoing with the Clerk of the Court using the CM/ECF system. Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.

s/Mariela Rexach-Rexach
**Mariela Rexach-Rexach**
USDC PR No. 214110
mrexach@suas.net
PRO SE
SCHUSTER AGUILÓ LLP
PO Box 363128
San Juan, Puerto Rico 00936-3128
Telephone: (787) 765-4646
Telefax: (787) 765-4611

H:\ATTY\MRX\GDB\Vicky Rodríguez IV -DRD\SPECIAL APPERANCE.wpd