UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| VICKY RODRIGUEZ-TORRES, et al., | |
| Plaintiff(s), | Civil No. 10-2228 (DRD) |
| GOVERNMENT DEVELOPMENT BANK FOR PUERTO RICO; GUILLERMO CAMBA-CASAS; CARLOS GARCIA; MARIELA REXACH, | |
| Defendant(s). | |

**ORDER**

Pending before the Court is an *Urgent Motion To Stay Proceedings And To schedule Rule 11 Hearings*, Docket No. 8, filed by attorney Mariela Rexach *pro se*, seeking the stay all the proceedings in the instant case, and moving the Court to set a hearing under Rule 11 of the Federal Rules of Civil Procedure ("Fed.R.Civ.P.") to determine whether plaintiffs' filing of the instant complaint constitutes a violation to the provisions of Fed.R.Civ.P. 11. Ms. Rexach further requests the imposition of sanctions upon plaintiffs and their counsel for the filing of the instant proceeding, and "to deter Plaintiffs and their counsel from further abuse of process, vexatiousness and harassment against the named defendants." *See* Docket No. 8, page 7. For the reasons set forth below, the instant case is now stayed, and plaintiffs are barred from amending the complaint without further prior express leave of Court. Plaintiffs' failure to strictly comply with the terms of this *Order* will be subject to a civil contempt, and repeated violations may constitute a criminal contempt.

**Introduction**

This is not the first time that plaintiffs appear in the federal court for the district of Puerto Rico. Indeed, the record shows that Vicky Rodríguez Torres ("Vicky Rodríguez"), plaintiff

herein, have filed multiple proceedings both at the Government Development Bank, as an administrative proceeding, and legal proceedings in the federal district court and the bankruptcy court. Vicky Rodríguez and her counsel, however, have a consistent pattern of non-compliance and resisting the court's rulings, even seeking appeal of said rulings, regardless of the court that issues them. The instant case is intertwined to three prior civil proceedings[1] filed in the district court, as well as a bankruptcy proceeding, including several adversary proceedings, as well as administrative proceedings with the Government Development Bank. Simply, plaintiffs and their counsel cannot continue filing new proceedings "shopping" for a judge that will eventually rule the matter, that was filed or could have been filed prior thereto, in plaintiffs' favor.

## Applicable Law and Discussion

It is well settled that federal law determines whether a previous judgement of a federal court bars a subsequent federal court action. *In re Colonial Mortgage*, 324 F.3d 12 (1st Cir. 2003), citing *Mass. Sch. of Law at Andover, Inc. v. Am. Bar Ass'n*, 142 F.3d 26, 37 (1st Cir.1998). Under federal law, "**a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or <u>could have been raised in that action</u>.**" (Emphasis supplied). *Allen v. McCurry*, 449 U.S. 90, 94, (1980). Therefore, the elements of a *res judicata* defense are: (1) a final judgment on the merits in an earlier proceeding, (2) sufficient identicality between the causes of action asserted in the earlier and later suits, and (3) sufficient identicality between the parties in

---

[1] Civil No. 09-1151(JP) filed on February 17, 2009; Civil No. 09-2199(FAB) filed on November 25, 2009; Civil No. 10-2228(DRD). Bankruptcy Case No. 09-10864(BKT); Adversary Proceeding No. 10-0137(BKT); Adversary Proceeding No. 10-0139(BKT), and the administrative proceeding filed with the Government Development Bank, and its Resolution of December 1, 2010. The list of the proceedings filed by plaintiffs is not exhaustive. Plaintiffs have appealed all the rulings issued by both the district and bankruptcy court before the United States Court of Appeals for the First Circuit.

the two actions. *Gonzalez v. Banco Cent. Corp.*, 27 F.3d 751, 755 (1st Cir.1994).[2]

Principles of *res judicata* bars not only those claims that were actually litigated on the earlier action but also those claims **that could have been litigated therein**. (Emphasis supplied). *See Allen v. McCurry*, 449 U.S. at 94. *See also Federación de Maestros de Puerto Rico, et al. v. Acevedo Vilá, et al.*, 545 F.Supp.2d 219, 226, FN.9[3] (D.P.R. 2008). In *Calderon v. CitiMortgage, Inc.*, 437 B.R. 25, 31 (D.P.R.2010), the Court held that "a party cannot play 'fast and loose with the courts' to advance its own interest, particularly if the cause of action now raised could have been raised during prior proceedings," citing *Patriot Cinemas, Inc. v. Gen. Cinemas Corp.*, 834 F.2d 208, 212 (1st Cir.1987); *Payless Wholesale Distributors, Inc., et al.* 989 F.2d 570, 571 (1st Cir.1993). *See also Leon v. Sanchez-Bermudez*, 332 F.Supp.2d 407 (D.P.R. 2005), *Muniz Cortes v. Intermedics*, 229 F.3d 12(1st Cir.2000). Similarly, the *res judicata* principles under Puerto Rico state law also bar relitigation "of claims and/or issues which have been or **could have been litigated in a prior judicial action for which judgment has been rendered**." (Emphasis added). *See Leon v. Sanchez-Bermudez*, 332 F.Supp.2d at 421, citing *Muniz Cortes v. Intermedics*, 229 F.3d at 15. *See*

---

[2] Federal *res judicata* principles control as the causes of action that gave this Court jurisdiction in federal court, are based on federal statutes in both cases before the District Judges Pieras and Besosa. *See Triple-S, Inc., et al. v. Pellot*, 41 F.Supp.2d 122, 128 (D.P.R.1999), citing *Kale v. Combined Ins. Co. Of America*, 924 F.2d 1161, 1165 (1st Cir. 1995): "Since the judgment in Pellot I was rendered by a federal court acting under its federal question jurisdiction, **res judicata** and claim preclusion defenses depend on the federal law standard."

[3] FN.9. Res judicata under both federal law and state law include not only those causes litigated but also "all matters which might have been determined as well." *Westcott Construction v. Firemen's Fund of New Jersey*, 996 F.2d 14, 16 (1st Cir. 1993). As to res judicata under local law, *see Colón Padilla v. San Patricio Corp.*, 81 D.P.R. 242, 264, 1959 WL 13595 (1959) ("claims that were raised or could have been raised"). *See* general restatement of res judicata in both federal and state forums on res judicata applicable in federal court based on cases coming from the state and federal forums. *Nuñez-Nuñez v. Sánchez-Ramos*, 419 F.Supp.2d 101, 110 (D.P.R. 2006).

*also Parklane Hosiery Co., Inc. v. Shore*, 439 U.S. 322 (1979).  Plaintiffs and counsel are simply pretending to hold hostage the defendants by the continuous and/or repetitive filings of causes of action that could or should have been filed prior thereto in other cases.

### Conclusion

In view of the foregoing, the Court hereby orders plaintiff Vicky Rodríguez and her counsel not to file any more amended complaints without prior leave from the Court.  The Court hereby stays the instant proceeding, until all the appeals that are pending before the United States Court of Appeals for the First Circuit become final and unappealable, including the bankruptcy appeals.

Plaintiffs and their counsel are hereby admonished that failure to strictly comply with the terms of this *Order*, will entail severe sanctions, and plaintiffs and their counsel will be subject of civil contempt, and if this conduct continues, the Court will elevate the matter to a potential criminal contempt.  Hence, plaintiffs and defendants are, therefore, duly forewarned..

Ms. Rexach's *Urgent Motion To Stay Proceedings And To Schedule Rule 11 Hearing*, Docket No. 8, is granted.  The Court hereby orders that the Resolution issued by the Examiner of the Government Development Bank be translated into English, as required by the Local Civil Rule 5(g), of the United States District Court for the District of Puerto Rico.

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 5th day of April, 2011.

                                          s/Daniel R. Dominguez
                                          DANIEL R. DOMINGUEZ
                                          U.S. District Judge